IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEANGELO JOHNSON,                )
            Plaintiff,           )
                                 )
    v.                           )          Civil Action No. 3:25CV527 (RCY)
                                 )
TRANS UNION LLC, *et al.*,       )
            Defendants.          )
                                 )

### MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") filed by Defendant Exeter Finance LLC ("Exeter"). For the reasons stated below, Exeter's Motion to Dismiss will be granted.

### I. BACKGROUND

Plaintiff Deangelo Johnson filed the Complaint underlying this action in Henrico County General District Court ("Henrico GDC") on or about June 6, 2025. Not. Removal Ex. A, ECF No. 1-2. Defendant Trans Union LLC ("Trans Union") filed a Notice of Removal with this Court on July 2, 2025, ECF No. 1, ostensibly removing the action. However, Henrico GDC appears to not have received notice of the removal, and so on July 25, 2025, following a hearing for which Plaintiff did not appear, Henrico GDC dismissed the case, with prejudice. Mot. Dismiss Ex. C, D, ECF Nos. 6-4, 6-5.

On September 10, 2025, unaware of the state court disposition, this Court ordered Defendants to file responsive pleadings. Order, ECF No. 3. Trans Union filed its Answer, ECF No. 4, and Exeter filed the instant Motion to Dismiss on September 24, 2025. The Court issued a Roseboro Notice advising Plaintiff of the Motion to Dismiss and Plaintiff's time to respond, and the possible repercussions of failing to do so, on September 25, 2025. ECF No. 7. Plaintiff timely

filed an Opposition to the Motion to Dismiss on October 15, 2025, and Exeter filed a Reply on October 21, 2025, rendering the Motion to Dismiss ripe for review. On April 21, 2026, Plaintiff and Trans Union filed a Joint Stipulation of Dismissal with respect to Trans Union, ECF No. 10. This case thus remains pending against Exeter only.

In its Motion to Dismiss, Exeter explains that when Trans Union "removed the case to this Court, the state court notice of removal was not filed or docketed by the state court clerk and the state court judge dismissed Plaintiff's claims with prejudice." Br. Supp. Mot. Dismiss 1. "Accordingly," argues Exeter, "this Court lacks subject matter jurisdiction." *Id.* Plaintiff counters that dismissal without additional information about Trans Union's failure to properly effect removal would unfairly penalize him for Defendants' bad faith lawyering. Resp. 2–3.

## II.  LEGAL STANDARD

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). This "case-or-controversy requirement" subsists through all stages of federal judicial proceedings. *Id.* "[I]f events subsequent to the commencement of the action resolve the dispute, the action should be dismissed as moot." *Genesis Healthcare, Inc. v. Becerra*, 39 F.4th 253, 259 (4th Cir. 2022) (citing *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (abrogated on distinct grounds)).

The Federal Rules of Civil Procedure establish a two-step procedure for removal. First, the defendant must file a notice of removal in the United States district court for the district and division in which the state court action is pending. 28 U.S.C.A. § 1446(a). Second, promptly after filing the notice of removal, the defendant must give written notice to adverse parties and must file a copy of the notice of removal with the clerk of the state court, "which shall effect the removal." 28 U.S.C.A. § 1446(d). Because federal jurisdiction attaches when the notice of removal is filed

2

in federal court, and state court jurisdiction continues until the notice is filed in state court, there is "concurrent state and federal jurisdiction during the period between the filing of the notice of removal in federal court and the filing in state court." *Burroughs v. Palumbo*, 871 F. Supp. 870, 872 (E.D. Va. 1994) (citing *Berberian v. Gibney*, 514 F.2d 790, 792 (1st Cir. 1975) (additional citation omitted)). Removal statutes are strictly construed, in deference to federalism concerns. *Yancey v. La Cima Rest., LLC*, 2020 WL 13617432, at *3 (D.S.C. July 6, 2020) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

### III. DISCUSSION

This Court is bound by the decisions of the state court during a period of concurrent jurisdiction. *See Yancey*, 2020 WL 13617432, at *2. Because Henrico GDC did not receive actual notice of removal, it maintained jurisdiction over this action, even after Trans Union filed the Notice of Removal in this Court. *See id.*; *see also Burroughs,* 871 F. Supp. at 872 ("Indeed, it would be unfair to a state court to hold that it can be stripped of jurisdiction though it has no notice of this fact." (internal quotation omitted)). Because Henrico GDC had jurisdiction on July 25, 2025, when it dismissed Plaintiff's case with prejudice, it would be improper for this Court to review or otherwise disturb the rendered judgment. Accordingly, there is no remaining case or controversy for this Court to entertain.

*Pro se* litigants are entitled to some deference from courts, but they are nonetheless subject to the same requirements and procedural rules of other litigants. *Miller v. MediCredit, Inc.*, 2019 WL 13251352, at *3 (E.D. Va. Sept. 3, 2019). Despite Trans Union's filing of its Notice of Removal in this Court, Mr. Johnson was not free to disregard his obligation to appear before the state court. His failure to appear (or at least clarify his obligation to appear) is indicative of his own inadvertence or confusion—not bad faith on the part of defense counsel. And the Court declines to find prejudice to Plaintiff under the present circumstances, given that Plaintiff has a

3

separate, all but indistinguishable Fair Credit Reporting Act action against Exeter currently pending before this Court. *See Johnson v. Exeter Finance LLC*, 3:25-cv-398 (RCY).

## IV.  CONCLUSION

For the reasons detailed herein, the Court will grant Exeter's Motion to Dismiss.  An appropriate Order shall issue.

_____/s/_____

Roderick C. Young
United States District Judge

Date: May 28, 2026
Richmond, Virginia